I represent Lee Paul and in Lee Paul's trial for trafficking a minor and an adult, ZS testified that Paul anally raped her when she was 12 years old. That is what is known as a bad fact. And it is a truism that bad facts make bad law. And it is very difficult in the area of sex trafficking, prostitution, etc. not to have bad facts. When I was preparing for this argument, there's one area of bad law that I would like to address specifically here with the court that perhaps was not well enough briefed. And that is the idea that was touched upon but not decided in Youngers or Jungers, I'm not sure how to put it, a substantive offense under 18 U.S.C. section 1591 that there need never be proven any commercial sex act. And I find that a little flooring, actually, because the whole idea behind this statute is to prohibit commerce. And so it is one of those places where the commercial act, which is the basis of federal jurisdiction in the first place, need never occur. And I'm trying to figure out what in the world an attempt crime would look like if you never have to have a commercial sex act for the substantive offense. There are areas of the law, and state legislatures do this occasionally, where they do attempt to attempt to attempt. Yes, they do an infinite regress of attempt depending on what the elements are of the great big crime, if you follow me. Correct. Yeah. And so they have a great big crime. Then you have an attempt to do that when you have an attempt to do one element of it, you have attempt to do part of an element. Why can't Congress do that? It's called the Constitution. And it's called the, actually it's in the structure of the Constitution. And it's the fact that the federal government has limited criminal jurisdiction. And one of the places where you can see that elucidated or discussed is in the Supreme Court's opinion in Jones v. United States, which I did not cite in my case, but it's the 529 U.S. 848. It's where arson of a private dwelling was not sufficient to invoke federal jurisdiction. So you have a, is this going toward a Commerce Clause sort of challenge? It is a federal, it's Commerce Clause is something that the court has to take into account whenever construing a statute. Because a court is not supposed to construe a statute in a manner that would create a constitutional doubt about its validity. So that underlying every statutory construction is this idea that are we, by doing this, going into a place that the Constitution does not allow Congress to go. And I believe that by saying you don't have to have the core commercial act, if this is a Commerce Clause ability, because I don't see any other place where Congress would have the ability to regulate this. Well, on the facts of this case, aren't there some commercial acts that occur? And the real question is, did the defendant really have control over those? Was he still guiding those? Was he still influencing those? Isn't it kind of a factual point before we get to the big constitutional question? It is, there are three different counts that are alleged here. There is only one count as to one victim, and that is KJ, where no sexual commercial act ever occurred. And so that's where this question arises. This question does not arise as to the other two counts, because commercial sexual acts actually occurred. As to those . . . That was the one where the customer fled because there were police in the hotel building? That's a question as to whether or not there was ever a customer, and whether the government proved beyond a reasonable doubt that there was a customer. Because as to all of the other ones where there were actual commercial acts, they presented evidence of documentary evidence of the communications between the customer and the person setting up the commercial type of objective evidence that there was actually a setup. And so that there was never any advertising of KJ that was presented to the jury. There was never any communications with a potential customer presented to the jury. This just was absent from the record. The . . . you can be convicted just for recruiting somebody, right? No, Your Honor. And then knowing that they will be caused . . . it's a passive will be caused to engage in the commercial sexual act, right? Am I on the right statute? That is the correct statute. So that passive will be caused means somebody else could cause them to do it if you recruited them to do it, right? If it is a venture, and this is a very interesting thing about where liability lies and where it doesn't. So say that you have somebody who is recruiting another person to have sex, and I mentioned this in the polyamorous situation where my husband and I decide that we will open our marriage to yet a third person. I go out and canvass my friends and say, hey, we are experimenting with this. Would you like to go out with my husband for sex? And then my husband takes this person out and treats her to dinner, which is a type of payment. It's a barter because under the statute this works. I would then be guilty of violating the statute if it's read that way, even if they never have any sex. And that is the problem here is that when you take out the idea that I am preparing for something, that I recruit somebody, but they never have to engage . . . This sounds like an overbred vagueness argument, which folks don't entertain when the facts of a specific criminal case aren't the horrible that's being paraded, so to speak. Actually, I do raise that, and the reason I raise that is because with respect to a named victim, my problem with K.J. and the conviction of K.J. is that it will lead the court to say, and unnecessarily so, by the way, because there are other crimes within the same statutory framework that the government could have charged but did not. And so basically they're asking you to save their bacon from a bad charging decision. Where it is pushing it against the limitations and constitutional limitations of where federal criminal jurisdiction actually can reach. With respect to the idea that there is a . . . where the sexual contact actually occurs, and I have caused it. Well, but your hypothetical is eliminating the threats of force, fraud, and coercion parts, isn't it? It is not. It is not, because the question was, as my scenario reached, was can't you be convicted of simply having recruited somebody who then never engages in a criminal? Isn't that recruitment enough? Let me ask it this way. Aren't you really making an argument that Younger's should be overturned? No, Your Honor. Younger's was an attempt case. I'm saying analyze it under attempt, but don't say that the major crime doesn't require a that's why you have attempt. I can't imagine an attempt that can reach this because otherwise . . . And this was not pled as an attempt, right? It was pled as everything but the kitchen sink. The jury was instructed on attempt as well as everything else. And so yes, it could have been an attempt, but there was never any advertising or anything else that would lead one to presume that she would have committed a criminal sexual act because it never got to that stage with respect to KJ. Do you think the will might be the future? You know, we say, you know, we will get on the plane this afternoon, and the will be caused means in the future. You know in the future they will be caused to engage. They will be used to cause. Do you think it might mean the future? When you say it might be in the future, the timing . . . The knowledge is with intent that something will happen, but I think that Congress, it would be hard pressed to make conspiracy to commit murder. A crime in and of itself. And so that you have your murder for hire cases, and if it is . . . It's transportation for the purpose for murder for hire, okay? And so there is an Eighth Circuit case out there that says if you join into that conspiracy after the transportation has been completed, you are then merely conspiring to murder. And the federal government doesn't have jurisdiction over that. And so this is exactly what I'm talking about, is that jurisdictional hooks are really important to federal statutes. And so that is the danger that I see in the government's arguments. The rest of my case, I believe, has been appropriately briefed. If the court doesn't have any further questions, I reserve the rest of my time. Thank you, and we note your appointment under the Criminal Justice Act, and the court appreciates you. Thank you. May it please the court, counsel. Good morning, your honors. David Genrick on behalf of the United States. I was not trial counsel below. It's certainly true that bad facts occasionally make bad law, and bad facts can also lead to heinous crimes. And when you anally rape a 12-year-old to force her to engage in sexual conduct, that's a heinous crime. And that's what you have before you here today. I'd like first to talk about the government's organization or conceptual organization of Section 1591, and then respond to some of the arguments made by counsel. And then I hope to end by clarifying or amplifying a couple areas in the briefs. With respect to the organization of Section 1591, your honors, really it contains two components, and they're drawn right from the title. The title of the act is sex trafficking of children or by means of force, fraud, or coercion. And the statute sets forth then two parts. One part is trafficking acts, the sex trafficking. And those are contained in subdivisions A1 and A2. The second part, the aggravating means, are either you've got a minor, or you know that the sexual act will be caused by means of force, threats of force, fraud, or coercion. So you have sex trafficking acts in A1 and A2, and then you have aggravating factors, alternatives, in the remainder of the statute. And as we discussed the case this morning, I think we might draw upon that organization, or at least I will, in several instances. Before talking more generally about the issues raised, I'd like to respond to some of the arguments made by Ms. Villa. First, with respect to Commerce Clause and Jurisdiction, there was a stipulation in this case. It's found at Jury Instruction 16 at District Court Docket Number 97 on page 20. And the stipulation was that the interstate commerce element was satisfied by stipulation in this case. Interstate commerce, of course, can relate to communications, transportation, and other expenditures of funds. The conflating Commercial Sex Act with the jurisdictional hook of interstate commerce really doesn't make a lot of sense. You could have a Commercial Sex Act that was entirely within the borders of a particular state, and the government still would be required to prove interstate commerce. In any event, it was stipulated in this case... Say that again, I... I'm sorry? Yeah, you can have a completely intrastate interstate act, then where's the federal jurisdiction? You talked so fast, and it was so convoluted, I don't understand the point. If you transport a minor from Illinois to Wisconsin, but the Completed Sex Act occurs only in Wisconsin, you've got an interstate nexus. What Ms. Villa appears to be arguing is you need a Completed Sex Act to have interstate commerce, and the government doesn't agree with that formulation. In any event, there was a stipulation, and it's found nowhere in the briefs. It clearly was waived, if it's an argument at all. With respect to reading attempt out of the statute, because you don't have a Completed Sex Act, Jungers, Jungers was an attempt case. To the extent you're looking for a case where there was no Completed Sex Act, and this court found there was a violation of the statute under an attempt theory, it's Jungers. In Jungers, both defendants attempted to solicit, or did solicit, sex with someone they knew to be a minor, and there was never a Completed Sex Act. In paragraph one of the opinion, it notes that they were prosecuted on an attempt theory. Even in the court's own jurisprudence, clearly, there's no requirement that a Completed Sex Act be completed, and that is the holding of Jungers, as you pointed out, Judge Grunder. Certainly, the recent decision in Waring out of the Seventh Circuit collects, I think, seven circuits, including their own, that have now held that no Completed Sex Act is required, and Judge Benton, to your question, it makes sense from a textual reading of the statute. It's stated in the future tense, would be caused, and what the Waring court... It's will be caused, but go ahead. While we're talking about text, it's will be caused, W-I-L-L. Yes. I thought you said would. Go ahead. Will be caused, and what the Waring court, the Seventh Circuit, knows is the future tense construction of that statute, and how it supports a reading that no Commercial Sex Act need be completed. And I think that also goes to the vagueness point, if there is, with respect to overbreadth on Commercial Sex Act, there really is no vagueness concern. Your Honor, before turning to some of the other arguments before the court on appeal, if I could, I would just like to amplify three areas in the briefing where I think the government could have been more helpful to the court than it was. First, the government notes in several places in the brief that as to each victim, A-1 or A-2 is not contested. That is, there are sufficiency claims made with respect to some of the victims as to A-1, with respect to some of the victims as to A-2, with respect to some of the victims as to neither A-1 or A-2, the trafficking acts. And the government notes that even if this court were to find that, for example, there was no A-1 act sufficiently proven, that the case proceeded on an A-2 theory as well, and there's no sufficiency challenge under A-2. The government did not cite any authority of the court for the proposition that where you have a general verdict based on multiple means, this court may affirm if the evidence is sufficient as to any of the means, even if insufficient as to one. Why isn't there a unanimity problem? Because these are means and not elements, and that would go to the duplicity argument. But with respect to that proposition, the government- It should go there. It looks to me pretty duplicitous. Absolutely, we'll address duplicity next. With respect to the citations, Your Honor, for that point, Griffin v. United States, 502 U.S. 46, clearly stands for that proposition. And importantly, this court has applied it both in sufficiency and the duplicity context, Your Honor. In the sufficiency context in Boyle, 700 Fed Third 1138, and in the duplicity context in Spencer, 592 Fed Third 866. A second point with respect to duplicity, and then to take up the argument, Your Honor. The government neglected to note in its brief that there was a special verdict form in this case with respect to the two minor victims, KJ and ZS. That is, with respect to the aggravating factors, that either minor or by means of force, fraud, or coercion, the government returned a special verdict, finding they were unanimous as to each of those aggravating factors as to both victims. So as it relates to duplicity and this notion that you can affirm on any ground, even if, for example, the court were to find that the statute was vague, say, as to coercion, and that was the only means by which a conviction could have been secured under means of force, fraud, or coercion, could affirm as to minor, which isn't contested in this case. And that's the Spencer case with respect to duplicity in combination with the special verdict form. The special verdict form was found at District Court Docket Number 98. As to the 19-year-old victim, AS, there's no special verdict form because she's not a minor, so the only theory, the only aggravating factor that was preceded on was means of force, fraud, or coercion. Your Honor, Judge Loken, with respect to duplicity, and this is actually the third point I wanted to be of more help to the court. First, that argument was not raised below, and under 12c3, the defendant made no attempt in the opening brief to show good cause for not raising it below. And under the Schrapp and Frey applications of 12c3 by this court, the government urges the court not to take it up. It wasn't made below. Where the government could have been more clear in this brief is that the government labeled 12c3 a waiver provision. And I just, I want to withdraw that characterization. This court has been clear in cases like Robertson, I think Judge Loken, you were on that panel, and Bloat, I think Judge Benton, you were on that panel, that 12c3 really isn't a waiver provision. It's a good cause threshold and then plain air forfeiture. And although that's how I argued the law in the brief, I should not have labeled it a waiver. So with respect to duplicity, first, the argument does not survive 12c3. It wasn't raised below and should not be taken up by this court. Secondly, if the court would reach the merits, the statute is not duplicitous under the standards set forth in the Chips case with respect to unit of prosecution. Neither the statutory language nor the statutory structure support a separate crimes construction, nor does the legislative history support a separate crimes construction. What about some of the language in Youngers? Doesn't some of the language in Youngers look like there are two crimes? I don't think it could be fairly read that way for this reason, Your Honor. The question the court was addressing in Youngers was the defendant's argument that all of the sex trafficking acts, A1 and A2, must relate to an enterprise, essentially, must be an A2 act. And what this court said was, no, the statute draws a distinction between what I'll characterize as means, between- It says separate offenses, right? The Youngers opinion textually says separate offenses? It may say separate offenses. I'm sure you have it before you, Your Honor. But in the context of the question that was being decided. And you can have an offense committed by one means or an offense committed by another means, and those are still separate offenses in the sense of violating the statute. But the court wasn't answering a duplicity or multiplicity argument in Youngers. What the court was responding to was the defendant's argument that the entire statute was directed at commercial sex ventures. And the court said, no, the sex trafficking acts set forth in A1 are not directed at ventures, while the acts set forth in A2 are. So I agree, Judge Benton, there is language that can be extracted as you have done, but I don't think that's the question either on its face or in in Youngers. Your Honor, if the government has set forth in the brief why it believes the Blackburger test does not apply, this isn't one factor, another lesser included between separate statutes. There's some suggestion in the reply brief that Mathis may apply. It's not a Mathis case. The three considerations Mathis asked the court to look for in means versus elements are authoritative state law, which clearly wouldn't be relevant here. And the third one is the record of conviction in state court, which again wouldn't be relevant here. The government submits really a CHIPS analysis is appropriate. And we'll rest on its briefing as to why the statute is means in that respect. Finally, even if the court decided 12C3 didn't bar the claim and decided it was duplicitous, it's not plainly erroneous for the court not to sue Esponte had decided the statute was duplicitous. This is not clear or obvious at best. And there's no reasonable probability the result would have been different based on the alternative means of committing the crime and the special verdict forms. In this case, the defense has not contested sex trafficking acts either under A1 or A2 as to each victim. And there's a special verdict form as to each of the aggravating factors in the second part of the statute. So even if the statute were duplicitous, there isn't a reasonable probability the result would have been different and there's been no showing of that on appeal. Your honors, I think unless the court has any additional questions, I think the rest of the matters are probably adequately covered in the briefs, or at least I hope so. And I appreciate the opportunity to argue the case before the court this morning. Thank you very much. Rebuttal? Your honors, I looked at the verdict form last night and what the verdict form does not have is the age of the minor in the verdict form, which means that it's not an aggravating factor question. And it's not because the statute itself has different levels of punishment based on different factors that a person can be convicted of. So that my analysis of the statute is that having an adult requires the use of force, threats of force, et cetera, fraud, coercion. But trafficking a child does not. Trafficking a minor does not. Trafficking a minor without force, et cetera, is a mandatory tenure minimum. Trafficking a child without force, et cetera, that is younger than 14 years old is a 15-year minimum. And trafficking anyone by force, et cetera, is also a 15-year minimum. So that when you look at these, these are different crimes because they have different statutory penalties. And the way that the verdict form was set up does not answer which crime was committed for purposes of those statutory penalties. So I just wanted to point that out to the court. Well, but the instructions, I don't have the verdict form, but the instructions, they address the three different minor, I mean the three different victims, two of them by age and one of them by force. I don't understand the point you're making. That there are elements and that there are separate elements to the separate crimes and that those crimes were not charged as separate crimes in the indictment and the jury was not instructed as to the actual elements of those separate crimes in the jury instructions. They were all kind of lumped all together. And again, in the case, Davis' case that I cited to court in a 28-J said that the ability to observe is a separate crime. And if it wasn't charged in an indictment, to instruct the jury on that was an actual amendment of the indictment that required the reversal of the conviction. So here, you have that particular instruction being an, oh, by the way, they don't even have to prove this element that I just if they had an opportunity to observe. So that there was a very severe possibility that the jury did not find all of the elements as to any one crime on any of those counts. And my time is up, Your Honor. Thank you. Thank you, Counsel. The case has been thoroughly briefed and argued and we will take it under advisement.